UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DUSTIN ROBERT HUFFMAN,

        Plaintiff,                            Case No. 2:08-cv-182

v.                                                 Honorable R. Allan Edgar

WOMEN'S LEGAL SERVICES,

        Defendant.
_____/

**OPINION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

      Plaintiff is presently incarcerated at the Marquette Branch Prison. The MichiganDepartment of Corrections (MDOC) provides legal assistance to prisoners through the

Legal Writer Program.  Prisoners participating in the Legal Writer Program receive training from Women's Legal Services, a private entity, pursuant to a contract between Women's Legal Services and the MDOC.  Plaintiff sought legal assistance from the Legal Writer Program for filing a civil rights complaint related to his conditions of confinement.  Plaintiff received a prepared complaint and directions for filing the complaint with the court.  The complaint was dismissed for failure to state a claim.  Plaintiff brings this action against Women's Legal Services, asserting claims of malpractice, and violations of MDOC policy and his Sixth Amendment rights.  For relief, he seeks monetary damages.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  However, the Sixth Amendment right to counsel in criminal matters, does not extend to civil matters.  *See MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988); *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Childs v.*

*Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983); *Saunders v. Tanedo*, No. 88-3183, 1988 WL 84111 at *1 (6th Cir. Aug. 15, 1988). Because Plaintiff has no right to counsel in a civil matter, the dismissed § 1983 complaint provided to Plaintiff and drafted by inmate legal writers under the tutelage of the Women's Legal Services did not violate the Sixth Amendment.

Plaintiff contends that Defendant violated MDOC policy. Section 1983 provides a remedy for the violation of constitutional rights; it does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

Plaintiff also claims that Defendant committed legal malpractice. To state a claim under § 1983, a plaintiff must allege facts demonstrating that he has been deprived of a right under the constitution by a defendant acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 830 (1982). Plaintiff's claim of legal malpractice arises solely under Michigan law, and does not implicate a right under the constitution. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Moreover, Defendant did not act "under color of state law." Public employees exercising their responsibilities pursuant to state law generally are considered to be acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 50 (1988). The Supreme Court has held that a public defender

employed by the state to represent an indigent defendant does not act under color of state law because he "is not acting on behalf of the State; he is the State's adversary." *Id.* at 50. Applying the same reasoning, a private attorney hired by the state to represent an indigent defendant does act under color of state law. *See Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). Similarly, when private attorneys provide legal assistance to prisoners who are bringing civil actions against the state, they are not acting on behalf of the state, but are in conflict with the state's interests. Although the courts have recognized that a private entity may act under color of state law "where it contracts with the state to perform a traditional state function such as providing medical services to prison inmates," *West,* 487 U.S. at 54 (1988); *and see Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993), it is not a traditional state function to assist prisoners with their legal actions against the state.

Finally, where all federal claims have been dismissed, federal courts should generally decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Novak v. MetroHealth Med. Ctr*, 503 F.3d 572, 583 (6th Cir. 2007); *Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismisses this case, the court discerns no good-faith basis for an appeal.  Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will issue.


Dated:      10/20/08                               */s/ R. Allan Edgar*
                                                   R. Allan Edgar
                                                   United States District Judge